**DYKEMA GOSSETT LLP**
JOHN L. VIOLA, SBN: 131407
jviola@dykema.com
JOEL D. COVELMAN, SBN: 97500
jcovelman@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850
Attorneys for Defendant
NATIONWIDE LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DONALD SAXBY, an individual, and BARBARA SAXBY, an individual, | Case No.  CV08-1165 JL |
| Plaintiffs, | **NOTICE TO ADVERSE PARTY OF FILING REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |
| vs. | |
| NATIONWIDE LIFE INSURANCE COMPANY, dba NATIONWIDE HEALTH PLANS,  and DOES 1 through 50, inclusive, | |
| Defendants. | |

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2008, defendant Nationwide

Life Insurance Company ("Nationwide"), filed a Notice of Removal of Civil Action

in the United States District Court, Northern District of California, a copy of which is

served upon you concurrently herewith.

///

///

///

*DYKEMA GOSSETT LLP*
*333 SOUTH GRAND AVENUE*
*SUITE 2100*
*LOS ANGELES, CALIFORNIA 90071*

1    PLEASE ALSO TAKE NOTICE that a copy of the Notice of Removal is being

2  filed with the clerk of the Superior Court for the State of California, County of Marin.

3

4  Dated: February 28, 2008          JOHN L. VIOLA
                                     JOEL D. COVELMAN
5                                    DYKEMA GOSSETT LLP

6

7                                    By: _____
                                         John L. Viola
8                                        Joel D. Covelman
                                         Attorneys for Defendant
9                                        Nationwide Life Insurance Company

10  PAS01\67490.1
    ID\JLV
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

NOTICE TO ADVERSE PARTY OF FILING REMOVAL OF CIVIL ACTION TO FEDERAL COURT



ORIGINAL FILED

FEB 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  **DYKEMA GOSSETT LLP**
   JOHN L. VIOLA, SBN: 131407
2  jviola@dykema.com
   JOEL D. COVELMAN, SBN: 97500
3  jcovelman@dykema.com
   333 South Grand Avenue
4  Suite 2100
   Los Angeles, California 90071
5  Telephone:  (213) 457-1800
   Facsimile:   (213) 457-1850
6  Attorneys for Defendant
   NATIONWIDE LIFE INSURANCE COMPANY
7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**            **JL**

10

DONALD SAXBY, an individual, and         **CV08    1165**
11 BARBARA SAXBY, an individual,          Case No.

12           Plaintiffs,                   **NOTICE OF REMOVAL OF CIVIL
                                           ACTION TO FEDERAL COURT
13      vs.                                UNDER 28 U.S.C. § 1441(b)
                                           (DIVERSITY)**
14 NATIONWIDE LIFE INSURANCE
   COMPANY, dba NATIONWIDE
15 HEALTH PLANS,  and DOES 1 through
   50, inclusive,
16
             Defendants.
17

18

19     TO THE CLERK OF THE ABOVE ENTITLED COURT:

20         PLEASE TAKE NOTICE that defendant Nationwide Life Insurance Company

21 ("Nationwide") hereby removes this civil action from the Superior Court of the State

22 of California for the County of Marin to the United States District Court, Central

23 District of California.  This Notice of Removal of Action under 28 U.S.C. § 1441(b)

24 (Diversity) ("Notice") is based upon the following:

25     1.    On or about February 27, 2007, an action was commenced in the

26 Superior Court of the State of California for the County of Marin (the "Superior

27 Court"), entitled *Donald Saxby, an individual, and Barbara Saxby, an individual vs.*

28

*(left margin, vertical)* DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

NOTICE OF REMOVAL OF CIVIL ACTION

1  *Nationwide Life Insurance Company, dba Nationwide Health Plans, Linda DeBolt,*

2  *and Does 1 to 50, inclusive,* as Case Number CV070858.

3      2.      Service of Plaintiffs' Complaint was made on Nationwide on February

4  27, 2007. Copies of all process, pleadings and orders served upon defendant are

5  attached hereto as Exhibit 1, pursuant to 28 U.S.C.§ 1446(a), and incorporated herein.

6      3.      The case was not removed at that time to federal court due to the

7  presence of a non-diverse defendant, Linda DeBolt, a California resident.

8      4.      On February 26, 2007, Nationwide received notice, a copy of which is

9  attached as Exhibit 2, that plaintiffs had settled with Ms. DeBolt. This Notice

10  evidences a voluntary abandonment by plaintiffs of their claims against defendant

11  Linda DeBolt. *See, Delatte v. Zurich Ins. Co.* (MDLA 1988) 683 F. Supp. 1062,

12  1063; *Heniford v. American Motor Sales Corp.* (D SC 1979) 471 F.Supp. 328, 344.

13      5.      Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30)

14  days of receipt of such notice of settlement and not more than 1 year after

15  commencement of the action.

16      6.      **JURISDICTION.** The United States District Court for the Central

17  District of California is the district in which the state court action was filed. This

18  Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1333, 1441(a) and 1446

19  because this Court has "diversity" jurisdiction.

20      a.      Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction

21  of all civil actions where the matter in controversy exceeds the sum or value of

22  $75,000, exclusive of interest and costs, and is between citizens of different states.

23      b.      Nationwide is informed and believes that Plaintiffs Donald and

24  Barbara Saxby are citizens of the County of Marin, State of California. [See Exhibit

25  1, Complaint ¶ 6.]

26      c.      Nationwide is a citizen of the State of Ohio. At the time this

27  action was filed, at the time of this Notice of Removal, and at all relevant times,

28  defendant Nationwide is and was a citizen and resident of the State of Ohio.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

2

NOTICE OF REMOVAL OF CIVIL ACTION

1          d.      Although the Complaint alleges that defendant Linda DeBolt is a

2   California resident [Complaint, ¶ 8], the citizenship of defendant DeBolt should be

3   disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 because

4   DeBolt is a "sham defendant". In the Complaint, plaintiffs allege claims against

5   Nationwide for breach of contract, breach of the duty of good faith and fair dealing,

6   declaratory relief and violation of California Business & Professions Code § 17200,

7   all based on Nationwide's decision to rescind their certificate of insurance based on

8   the misrepresentations on the application for insurance. Plaintiffs' sole claim against

9   Ms. DeBolt is their claim for Professional Negligence. Review of this claim,

10  however, reveals that it is based entirely on Ms. DeBolt's alleged negligent assistance

11  in plaintiffs' completion of the application for insurance to Nationwide. [Complaint,

12  ¶¶ 49-54.] In fact, however, plaintiffs admit that they completed the application "on

13  line", over the internet, without Ms. DeBolt's assistance, and did not describe to her

14  any of their medical conditions. Thus, plaintiffs have settled with Ms. DeBolt and are

15  in the process of dismissing her from the Complaint. [See Ex. 2.]

16          Thus, Ms. DeBolt was joined solely as a sham defendant and her fraudulent

17  joinder to the complaint should not defeat diversity. *See Morris v. Princess Cruises,*

18  *Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001) ("Joinder of a non-diverse defendant is

19  deemed fraudulent, and the defendant's presence in the lawsuit is ignored for

20  purposes of determining diversity, if the plaintiff fails to state a cause of action

21  against a resident defendant, and the failure is obvious according to the settled rules

22  of the state."; *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)

23  ("The defendant seeking removal to the federal court is entitled to present the facts

24  showing the joinder to be fraudulent"). The citizenship of Ms. DeBolt, therefore,

25  should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §

26  13332.

27          e.      Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants

28  sued under fictitious names shall be disregarded when determining removal

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

3

1  jurisdiction. Accordingly, the citizenship of Does 1 through 50 should not be

2  considered when determining whether jurisdiction based on diversity of citizenship

3  exists in this case.

4        f.    This is a civil action between citizens of different states, and the

5  matter in controversy exceeds the sum of one hundred thousand dollars ($350,000),

6  exclusive of interest and costs. Plaintiffs also seek exemplary and punitive damages.

7        g.    Joinder in this Notice of Removal by defendant Linda DeBolt,

8  who has settled this action with plaintiffs (see ¶ 4, supra, and Exhibit 2) and was

9  named solely as a "sham defendant", to defeat diversity, is not required. *Farias v.*

10  *Bexar County Bd. of Trustees for Mental Health* (5th Cir. 1991) 925 F. 2d 866, 871.

11      7.    **INTRA DISTRICT ASSIGNMENT.** Pursuant to Local Rule 3-5(b),

12  Nationwide states that this case should be assigned to the San Francisco or Oakland

13  Division, pursuant to Local Rule 3-2(d).

14      8.    In accordance with 28 U.S.C. § 1446(d), copies of this Notice of

15  Removal shall be timely served upon Plaintiffs, through their counsel of record, and a

16  copy of this Notice of Removal shall be timely filed with the Superior Court.

17      9.    In removing this action, Nationwide does not intend to waive any rights

18  or defenses to which it is otherwise entitled under state or federal law, as applicable,

19  including but not limited to those set forth in the Federal Rules of Civil Procedure,

20  including, but not limited to, lack of personal jurisdiction, improper service and

21  improper venue.

22      10.    This Notice of Removal is signed pursuant to Rule 11 of the Federal

23  Rules of Civil Procedure and in accordance with 28 U.S.C. § 1446. The statements

24  and allegations contained herein are true and correct to the best of the knowledge and

25  belief of the undersigned based upon a review of the material available, including

26  Exhibit A hereto.

27      11.    Based on the foregoing, Nationwide has met its burden of establishing

28  that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

4

NOTICE OF REMOVAL OF CIVIL ACTION

1   1332(a) and that this action is one that may be removed to this Court by defendant

2   pursuant to 28 U.S.C. § 1441, because there is complete diversity of citizenship

3   between the parties and the amount in controversy exceeds $75,000.00, exclusive of

4   interest and costs.

5          WHEREFORE, NATIONWIDE LIFE INSURANCE COMPANY, respectfully

6   removes this action, currently pending in the Superior Court of the State of California

7   for the County of Marin, as Case No. CV070858, to the United States District Court,

8   North District of California.

9

10  Dated: February 26, 2008          JOHN L. VIOLA
                                       JOEL D. COVELMAN
11                                     DYKEMA GOSSETT LLP

12

13                                     By: _____

14                                         John L. Viola
                                           Joel D. Covelman
15                                         Attorneys for Defendant
                                           Nationwide Life Insurance Company
16

17  PAS01\67488.1
    JD\JLV
18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

5

NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT 1

02/27/2007 TUE 16:08   FAX 707 545 5454 Attorneys Diversified                    ☑003/005
02/27/2007 08:56 FAX  8094472043            SHERNOFF BIDART & DARRAS              ☑004/017

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

FEB 2 7 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: B. Jones Deputy

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
NATIONWIDE LIFE INSURANCE COMPANY, dba NATIONWIDE HEALTH
PLANS, LINDA DEBOLT, an individual and DOES 1 through 60 inclusive.

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONALD SAXBY, an individual, and BARBARA SAXBY, an individual,

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Marin Superior Court
3501 Civic Center Drive
San Rafael, California 94913

CASE NUMBER:
*(Número del Caso)* CV 070858

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William M. Shernoff, Esq.          #38858               909-621-4935
SHERNOFF BIDART & DARRAS
600 S. Indian Hill Boulevard
Claremont, California 91711

DATE:  FEB 2 7 2007     KIM TURNER, Clerk, by _____ B. JONES _____ , Deputy
*(Fecha)*                          *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Nationwide Life Insurance Company, dba Nationwide Health Plans
   under:  ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

02/27/2007 TUE 16:08 FAX 707 545 5454 Attorneys Diversified        @002/005
02/27/2007 09:55 FAX 8084472043     SHERNOFF BIDART & DARRAS      @002/017

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William M. Shernoff, Esq. #38856<br>SHERNOFF BIDART & DARRAS<br>600 S. Indian Hill Boulevard<br>Claremont, California 91711<br>TELEPHONE NO: 909-621-4935    FAX NO: 909-625-6915<br>ATTORNEY FOR (Name): Plaintiffs, DONALD SAXBY, et al. | RECEIVED<br>MARIN COUNTY<br>SUPERIOR COURT<br><br>2007 FEB 27 P 1: 24 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **MARIN**
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael 94913
BRANCH NAME:

**BY FAX**

CASE NAME: SAXBY, et al. v. NATIONWIDE LIFE INSURANCE, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER C0070858 |
|---|---|---|
| ☒ Unlimited   ☐ Limited<br>Amount   (Amount)<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE Ritchie<br>DEPT: E |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 1800–1812) |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☒ Insurance coverage (18) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Other contract (37) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | Real Property | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Eminent domain/Inverse | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | condemnation (14) | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | ☐ Other real property (26) | types (41) |
| ☐ Business tort/unfair business practice (07) | Unlawful Detainer | Enforcement of Judgment |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Residential (32) | Miscellaneous Civil Complaint |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ RICO (27) |
| ☐ Intellectual property (19) | Judicial Review | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | Miscellaneous Civil Petition |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21) |
| Employment | ☐ Writ of mandate (02) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☒ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): 5
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: February 27, 2007
WILLIAM M. SHERNOFF ▶
_____ (TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

| | | Page 1 of 2 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev January 1, 2006] | **CIVIL CASE COVER SHEET** | American Legal Net, Inc.<br>www.USCourtForms.com |

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

**Page 7**

**Page 9**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice-
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer
 or wrongful eviction)*
 Contract/Warranty Breach-Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case-Seller Plaintiff
 Other Promissory Note/Collections
 Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or
 Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ-Administrative Mandamus
 Writ-Mandamus on Limited Court
 Case Matter
 Writ-Other Limited Court Case
 Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal-Labor
 Commissioner Appeals

**Provisionally Complex Civil Litigation
(Cal. Rules of Court Rules 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally
 complex case type listed above)*
 (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
 County)
 Confession of Judgment *(non-
 domestic relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment
 Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)*
 (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
 Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late
 Claim
 Other Civil Petition

American Legal Net, Inc.
www.USCourtForms.com

**Page 8**

**Page 10**

02/27/2007 TUE 16:09  FAX 707 545 5454 Attorneys Diversified                    ☑004/005
02/27/2007 09:56 FAX  8094472043          SHERNOFF BIDART & DARRAS              ☑005/017

1   WILLIAM M. SHERNOFF #38856
2   EVANGELINE FISHER GROSSMAN #176014
    JOEL COHEN #202851
3   SHERNOFF BIDART & DARRAS, LLP
    600 South Indian Hill Boulevard
4   Claremont, CA 91711
5   Telephone:   (909) 621-4935
    Facsimile:   (909) 625-6915
6
7   Attorneys for Plaintiffs

**FILED**

FEB 2 7 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: _____ Deputy

**BY FAX**

8
9            SUPERIOR COURT FOR THE STATE OF CALIFORNIA
10                    FOR THE COUNTY OF MARIN
11
12   DONALD SAXBY, an individual, and          Case No.: CV 07 0858
     BARBARA SAXBY, an individual,
13                                             **COMPLAINT**
              Plaintiffs,
14                                             1.  Breach of Contract
       vs.
15                                             2.  Breach of Duty of Good Faith and
     NATIONWIDE LIFE INSURANCE                     Fair Dealing
16   COMPANY, dba NATIONWIDE HEALTH
     PLANS, LINDA DEBOLT, an individual        3.  Declaratory relief
17   and DOES 1 through 50 inclusive,
                                               4.  Violation of Business & Professions
18                                                 Code Section 17200, et seq.
              Defendants.
19                                             5.  Professional Negligence
20
21                                             **DEMAND FOR JURY TRIAL**
22
23
24
25
26                      I.   INTRODUCTION
27       1.   This action arises from Nationwide's illegal and unfair scheme of rescinding
28   individual insurance policy contracts in response to claims made by insureds.

- 1 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1        2.        Plaintiffs are informed and believe and thereon allege that Nationwide has a

2    custom and practice of improperly rescinding policies. As a result, Nationwide has reaped

3    substantial profits by retaining unpaid benefits. Insureds have reaped substantial, sometimes

4    crushing, financial burdens because their medical providers seek to collect payment directly from

5    them. Nationwide's practice is particularly reprehensible because it deprives insureds of their

6    health coverage at precisely the moment they need it and subjects them to emotional and

7    financial distress at precisely the time when they are most vulnerable.

8        3.        Plaintiffs are victims of the foregoing scheme. Plaintiff Donald Saxby injured his

9    left knee while skiing on February 12, 2006. He required surgery and additional treatment.

10    Nationwide conducted postclaims underwriting. Nationwide purported to find a material

11    omission in plaintiffs' application, purported to rescind the contract and refused to pay plaintiff's

12    medical providers. As a result, plaintiff's providers sought, and continue to seek, payment from

13    plaintiff.

14        4.        The purported rescission of plaintiff's policy is void. The postclaims

15    underwriting conducted by Nationwide violates California law and constitutes an unfair business

16    practice:

17        a.        Nationwide was obligated to pay plaintiff's medical providers who rendered

18    services and treatment to plaintiff in good faith after they were authorized by Nationwide

19    (Insurance Code ["Ins. C."] § 796.04);

20        b.        Nationwide was prohibited from engaging in postclaims underwriting (Ins. C. §

21    10384);

22        c.        The Medical Information questionnaire contained in Nationwide's form

23    application is designed to trap innocent persons into making misstatements and omissions in

24    their answers in order to justify rescissions. The Medical Information questionnaire is unfair in

25    that it is confusing, overbroad, ambiguous and in effect unintelligible to persons of ordinary

26    intelligence. Further, the Medical Information questionnaire is unfair in that it provides only for

27    unqualified "yes" or "no" answers, and fails to provide for responses in circumstances where a

28    person might not recall past events or fully understand the import of the question and the

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD. CLAREMONT CA 91711 TEL (909) 621-4935

- 2 -

COMPLAINT AND DEMAND FOR JURY TRIAL

**Page 10**

**Page 12**

1    consequences of the answer.

2         5.        As more fully alleged below, plaintiffs are informed and believe and thereon

3    allege that Nationwide has a custom and practice of rescinding policies in violation of the

4    foregoing statutes and engaging in the foregoing unfair practices, and that such illegal and unfair

5    conduct is ongoing. In this action plaintiffs seek damages for breach of contract and bad faith, a

6    judicial declaration as to Nationwide's obligation to pay claims under the agreements in

7    question, and an injunction prohibiting Nationwide from continuing its illegal and unfair

8    conduct.

9                        II.    THE PARTIES

10        6.        Plaintiffs are, and at all relevant times were, residents of the City of San Rafael,

11   County of Marin, State of California.

12        7. ·      Plaintiffs are informed and believe and thereon allege that Defendant Nationwide

13   Life Insurance Company dba Nationwide Health Plans ("Nationwide") is a company duly

14   authorized to transact and transacting the business of insurance in the State of California.

15   Nationwide handles its California health insurance business from its corporate offices in

16   Sacramento, California.

17        8.        Plaintiff is informed and believes and thereon alleges that Defendant Linda

18   Debolt is an appointed agent of Nationwide. Linda Debolt is the insurance agent that directed

19   plaintiff through the application process with Nationwide. Linda Debolt is authorized to transact

20   and is transacting the business of an insurance agent in the State of California. Linda Debolt is

21   located in the City of Petaluma, County of Marin, State of California.

22        9.        The true names or capacities, whether individual, corporate, associate, or

23   otherwise, of defendants DOES 1 through 50, are unknown to plaintiff, who therefore designates

24   those defendants by these fictitious names. Each of the defendants sued herein as a DOE is

25   legally responsible in some manner for the events and happenings referred to and proximately

26   caused the injuries suffered by plaintiff. Plaintiffs will amend this complaint to allege their true

27   names and capacities when the same becomes known to plaintiffs.

28        10.       Plaintiffs are informed and believe and thereon allege that at all relevant times

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 9711  TEL 909 621-4935

- 3 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1    each of the defendants was the agent and employee of each of the remaining defendants, and in

2    doing the things hereinafter alleged was acting within the course and scope of such agency and

3    employment.

### III.    JURISDICTION

5    11.    Jurisdiction is proper in that the amount in dispute exceeds the jurisdictional

6    minimum of this Court.

### IV.    FACTUAL BACKGROUND

8    12.    Plaintiffs applied for health care coverage with Nationwide Health Plans in

9    January 2006. Barbara Saxby accessed the application, filled it out and submitted it online. At

10    that time plaintiffs applied for the Nationwide policy they were insured with Blue Shield and had

11    been insured for over three years. Plaintiffs were enticed to switch from Blue Shield to

12    Nationwide because the Blue Shield policy had become very expensive. Their Blue Shield

13    policy information was disclosed on the application for coverage with Nationwide.

14    13.    After submitting the application online Barbara printed it out for her records.

15    Upon reviewing the application with her husband, plaintiffs realized that she had misunderstood

16    certain questions and, as a consequence, had inadvertently omitted information. Barbara called

17    the customer service line for Nationwide and the Nationwide agent in order to add omitted

18    information and correct errors or misunderstandings. Both the service representative and the

19    agent assured them that these problems would be caught when Nationwide processed the

20    application. Until they heard from the insurance company, they need not be concerned.

21    14.    Nationwide approved plaintiffs for coverage under the Lifestyle 2500 $2,500

22    Deductible w/ 3-Tier Rx (Plan AL) health plan, policy number GH1000, certificate number

23    709634 with an effective date of February 1, 2006. Thereafter, Nationwide delivered to

24    plaintiffs the "Certificate of Insurance" (the "Policy").

25    15.    After the policy went into effect, plaintiff Donald Saxby suffered a serious injury

26    to his left knee as a result of a skiing accident on February 12, 2006. He received treatment and

27    underwent knee surgery in March of 2006.

28    16.    Nationwide authorized the surgery for plaintiff.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 9171 TEL 909 621 4935

- 4 -

1     17.    The medical providers submitted claims to Nationwide. Thereafter, Nationwide

2  obtained medical records from plaintiff's personal physician, Dr. Bernstein-Lawler, back to

3  February of 2001, five years before the application was filled out.

4     18.    Nationwide informed Mr. Saxby in a letter dated October 4, 2006 that there

5  appeared to be discrepancies between the information given on the application for coverage and

6  the information noted in the medical records. This letter contained excerpts from these medical

7  records. The doctor's records indicated that plaintiff had Factor IX Deficiency. In addition, his

8  doctor had prescribed medication for depression, and he was referred for counseling in 2002 and

9  2003. Also, he received continuing treatment for asthma and hay fever. Nationwide requested

10  additional information from plaintiff, including whether the medical information in the excerpts

11  from the medical records was correct and why this medical information was not noted on the

12  application for coverage.

13     19.    Mr. Saxby responded to the request for information in a letter to Nationwide

14  dated December 1, 2006. His letter stated that in 1987 a doctor told him that due to his Factor IX

15  deficiency he may have some trouble with internal bleeding should he have a major surgery but

16  it was nothing to worry about. This is what he told Dr. Bernstein-Lawler. He has never had a

17  problem with bleeding in day to day life, and he did not require treatment for this condition until

18  his knee surgery in March 2006. He stated that he has not been diagnosed with clinical

19  depression. He sought counseling because he was under the stress of a career change and

20  purchase of a house. His outlook became brighter and has remained so. He disclosed his

21  treatment for asthma and hay fever on the application for coverage.

22     20.    Plaintiff stated in this letter that his wife, Barbara, had filled out the application

23  for coverage online. She answered the questions as to what she knew to be true. She filled out

24  the application based on the information that she had. She had assistance in completing the

25  application from both the Nationwide agent and the Nationwide customer service representative.

26  He also informed Nationwide in this letter that after the application was submitted, they realized

27  that Barbara had misunderstood certain questions. She called both the customer service line and

28  the Nationwide agent who had assisted them in order to add omitted information and correct the

COMPLAINT AND DEMAND FOR JURY TRIAL

1    errors. They were assured by both the customer service representative and the Nationwide agent

2    that misunderstandings or errors would be caught when Nationwide processed the application,

3    and until they heard from the insurance company, they need not be concerned.

4        21.    In a letter dated December 18, 2006, Nationwide purported to rescind plaintiff

5    Donald Saxby's Policy on the ground that plaintiff failed to disclose material information

6    on the Application. Nationwide contended it would not have insured him if it had known such

7    information.

8        22.    Plaintiffs are informed and believe and thereon allege that the purported

9    rescission of Mr. Saxby's Policy was a result of a postclaims underwriting investigation

10    conducted by the defendant. Plaintiffs are informed and believe and thereon allege that

11    Nationwide's "investigation" was nothing more than a fishing expedition to justify a rescission

12    of plaintiff's Policy. Further, plaintiffs did not fully understand the meaning of questions on

13    Nationwide's exceedingly confusing, overbroad, ambiguous and unintelligible Medical

14    Information questionnaire or appreciate the consequences of their answers to such questions.

15        23.    As a result of its purported rescission of Donald Saxby's Policy, Nationwide

16    refused to pay claims submitted by medical providers who rendered services and treatment to

17    plaintiff in good faith pursuant to Nationwide's authorization of such treatment.

18        24.    Nationwide's postclaims underwriting review of plaintiff's file violated Ins. C. §

19    10384, which prohibits postclaims underwriting.

20        25.    Plaintiff was the express intended beneficiary of Nationwide's authorization of

21    treatments performed by the medical providers. Nationwide's refusal to pay the medical

22    providers violated Ins. C. § 796.04, which prohibits a health insurer from rescinding or

23    modifying its authorization of services or treatment after the provider renders such service or

24    treatment in good faith pursuant to the authorization. As a result of Nationwide's refusal to pay,

25    the medical providers have billed plaintiff directly for their services.

26    ///

27    ///

28    ///

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

- 6 -

COMPLAINT AND DEMAND FOR JURY TRIAL

**Page 14**

**Page 16**

1    **FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

2    **(Nationwide)**

3    26.    Plaintiffs refer to all the preceding paragraphs and incorporate those paragraphs as

4    though set forth in full in this cause of action.

5    27.    Plaintiffs paid all premiums due and performed all of their obligations under the

6    Policy.

7    28.    Nationwide's purported rescission of the Policy constitutes a breach of contract in

8    that Nationwide failed to pay benefits owed under the Policy.

9    29.    As a proximate result of Nationwide's breach of contract, plaintiffs have suffered

10    general and consequential damages under the Policy in an amount to be determined according to

11    proof at the time of trial, plus interest.

12    **SECOND CAUSE OF ACTION FOR BREACH OF THE DUTY**

13    **OF GOOD FAITH AND FAIR DEALING**

14    **(Nationwide)**

15    30.    Plaintiffs refer to all preceding paragraphs and incorporate those paragraphs as

16    though set forth in full in this cause of action.

17    31.    Nationwide has breached the duty of good faith and fair dealing owed to plaintiffs

18    in the following respects:

19    a.    Unreasonably and in bad faith refusing to pay benefits owed under the Policy;

20    b.    Unreasonably and in bad faith conducting postclaims underwriting in violation of

21    Ins. C. § 10384;

22    c.    Unreasonably and in bad faith refusing to pay benefits to plaintiff's medical

23    providers for services and treatments rendered in violation of Ins. C. § 796.04; and

24    d.    Proximately causing plaintiff's medical providers to bill plaintiff directly for

25    services and treatment that Nationwide was obligated to pay for as result of its authorization of

26    such services and treatment.

27

28

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 9171   TEL 909 621 4935

- 7 -

**Page 15**

**Page 17**

1    32.    Plaintiffs are informed and believe and thereon allege that Nationwide has

2    breached its duty of good faith and fair dealing owed to plaintiffs by other acts or omissions of

3    which plaintiffs are presently unaware and which will be shown at the time of trial.

4    33.    As a proximate result of the aforementioned unreasonable and bad faith conduct

5    of Nationwide, plaintiffs have suffered, and will continue to suffer in the future, damages under

6    the policy, including damages for emotional distress, in an amount to be proven at trial, plus

7    interest.

8    34.    As a further and proximate result of the unreasonable and bad faith conduct of

9    Nationwide, plaintiffs were compelled to retain legal counsel and to institute litigation to obtain

10    the benefits due under the Policy. Therefore, Nationwide is liable for those attorneys' fees

11    reasonably incurred in order to obtain plaintiff's benefits under the Policy.

12    35.    Nationwide's conduct as described herein was despicable and was committed

13    maliciously, fraudulently and oppressively with the wrongful intention of injuring plaintiff and

14    with a willful and conscious disregard of the rights of plaintiff. Nationwide subjected plaintiff to

15    cruel and unjust hardship, and via intentional misrepresentation, deceit, or concealment of

16    material facts, Nationwide intended to deprive plaintiff of property or legal rights all to the

17    detriment of plaintiff and to the financial benefit of Nationwide. Accordingly, plaintiff is entitled

18    to recover exemplary and punitive damages under Civil Code § 3294, in an amount according to

19    proof, in order to punish and to make an example of Nationwide, and to deter such conduct in the

20    future.

21    36.    Nationwide's conduct described herein was undertaken by Nationwide's officers,

22    directors and managing agents, who were responsible for corporate policies, medical

23    underwriting, claims supervision and operational decisions. The previously described conduct of

24    said officers, directors and managing agents was therefore undertaken on behalf of the corporate

25    defendant. Said corporate defendant further had advance knowledge of the actions and conduct

26    of other employees, including but not limited to, underwriters and claims adjusters, whose

27    actions and conduct were ratified, authorized, and approved by the corporate defendant.

28

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

- 8 -

Page 16

Page 18

1    37.    Nationwide's conduct is particularly reprehensible because it was part of a

2    repeated corporate practice and not an isolated occurrence.   Plaintiffs are informed and believe

3    and thereon allege that Nationwide has engaged in similar wrongful conduct as to individuals

4    other than plaintiffs and that Nationwide has substantially increased its profits as a result of

5    causing similar harm to others.

6    **THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF**

7    **(Nationwide)**

8    38.    Plaintiffs refer to all preceding paragraphs and incorporate those paragraphs as

9    though set forth in full in this cause of action.

10    39.    Plaintiff Donald Saxby is a party to the insurance contract with Nationwide.

11    Plaintiff also is the third party beneficiary of Nationwide's authorization for providers to render

12    services and treatment to plaintiff. Plaintiff obtained services and treatment with the justified

13    expectation that his medical bills would be covered by Nationwide, under the terms of his Policy

14    and pursuant to Nationwide's authorization to providers. Plaintiff's providers treated plaintiff in

15    good faith after Nationwide authorized such treatments. The law prohibits Nationwide from

16    reneging on its authorization and refusing to pay the providers.

17    40.    Under Code of Civil Procedure section 1060, plaintiff has an interest in his Policy

18    and in Nationwide's authorization to providers to render treatment on his behalf.  A present and

19    actual controversy exists between plaintiff, Nationwide, and plaintiff's providers in that

20    Nationwide's refusal to pay providers has caused providers to bill plaintiff directly. As a result,

21    plaintiff has been threatened with collection, is subject to possible lawsuits, and has been forced

22    to grant liens to providers in order to forestall such collection efforts and possible lawsuits.  Such

23    actual and imminent events have caused, and will continue to cause, great harm to plaintiff's

24    credit, economic well-being and emotional well-being.

25    41.    Plaintiffs request a declaration from this Court that Nationwide has an obligation

26    to pay all of the claims submitted by the medical providers who rendered services and treatment

27    to plaintiff Donald Saxby in good faith after Nationwide authorized such treatment. Plaintiffs

28

COMPLAINT AND DEMAND FOR JURY TRIAL

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S IRON MILL BLVD  CLAREMONT CA 91711  TEL 909 621 4935

1  further request a declaration that plaintiff Donald Saxby is not liable to medical providers for any

2  sums that are the responsibility of Nationwide.

3  **FOURTH CAUSE OF ACTION FOR VIOLATION OF BUSINESS & PROFESSIONS**

4  **CODE SECTION 17200 et seq.**

5  **(Nationwide)**

6    42.  Plaintiffs refer to all preceding paragraphs and incorporate those paragraphs as

7  though set forth in full in this cause of action.

8    43.  Nationwide's conduct as described herein constitutes unfair competition under

9  Business & Professions Code section 17200.  As more fully alleged above, that conduct includes

10  the following unlawful, fraudulent or unfair business acts or practices:

11    a.  Utilizing a Medical Information questionnaire that is unfair as alleged above;

12    b.  Engaging in postclaims underwriting in violation of Ins. C. § 10384;

13    c.  Rescinding or modifying authorizations for services and treatments in violation of

14  Ins. C. § 796.04;

15    d.  Inducing plaintiff to obtain medical services and treatment, and inducing

16  providers to perform services and give treatment, based on authorizations that were rescinded in

17  violation of Ins. C. § 796.04;

18    e.  Causing plaintiff to be subjected to billing and collection efforts, and possible

19  lawsuits, by providers who were not paid by Nationwide.

20    44.  Plaintiff "has suffered injury in fact and has lost money or property as a result of

21  [Nationwide's] unfair competition." (Business & Professions Code ["B.&P."] § 17203.)

22  Plaintiff can "compl[y] with Section 382 of the Code of Civil Procedure." (B.&P. § 17204.)

23    45.  Plaintiffs are informed and believe and thereon allege that the unlawful,

24  fraudulent or unfair conduct alleged above is continuing in nature and reflects widespread acts or

25  practices engaged in by Nationwide.

26    46.  Plaintiffs request that this Court issue an injunction prohibiting Nationwide from:

27    a.  Utilizing a Medical Information questionnaire that is unfair as alleged above;

28    b.  Engaging in postclaims underwriting in violation of Ins. C. § 10384; and

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

- 10 -

COMPLAINT AND DEMAND FOR JURY TRIAL

1     c.     Rescinding or modifying authorizations for services or treatments in violation of

2 Ins. C. § 796.04.

3     47.     Plaintiffs respectfully request an award of attorney's fees under Code of Civil

4 procedure section 1021.5.

5     **FIFTH CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE**

6     **(Against defendant Linda Debolt)**

7     48.     Plaintiff refers to all preceding paragraphs and incorporates those paragraphs as

8 though set forth in full in this cause of action.

9     49.     Plaintiff is informed and believes and thereon alleges that Linda Debolt was

10 Nationwide's agent during the application process for the policy that Nationwide issued to the

11 plaintiff.

12     50.     Plaintiff is informed and believes and thereon alleges that Linda Debolt held

13 herself out as a specialist in healthcare insurance and directed plaintiff through the application

14 process.

15     51.     Linda Debolt owed plaintiff a duty of care to see that plaintiff's interests were

16 fully protected by completing the application in a complete and accurate manner. Linda Debolt

17 owed plaintiff a duty to ensure that all disclosures were made properly in the application process.

18 Moreover, Linda Debolt owed a heightened duty because she held herself out to be a specialist in

19 health insurance for individuals.

20     52.     Plaintiff disclosed to Linda Debolt all material medical history. Linda Debolt

21 advised plaintiff what information Nationwide wanted on the application and directed the

22 application process. Linda Debolt knew that Nationwide would rely on the information

23 disclosed in the health history questionnaire. In fact, Nationwide cited plaintiff's failure to

24 disclose material information on the health history questionnaire as the basis for rescinding the

25 insurance policy.

26     53.     At all relevant times, Linda Debolt knew that plaintiff was relying on her

27 experience, skill, accuracy, good faith, and expertise as a specialist in health insurance for

28 individuals.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

- 11 -

1    54.    Plaintiff is informed and believes and thereon alleges that Linda Debolt was

2    negligent in other acts or omissions of which plaintiff is presently unaware.

3    55.    As a proximate result of Linda Debolt's negligence, plaintiff has suffered, and

4    will continue to suffer, general and special damages to be determined at trial.

5                                    **PRAYER**

6    WHEREFORE, plaintiffs pray for judgment as follows:

7    1.    For general and consequential damages according to proof, plus prejudgment

8          interest, for breach of contract;

9    2.    For general and consequential damages, and damages for emotional distress, plus

10         prejudgment interest, for breach of the implied covenant of good faith and fair

11         dealing;

12   3.    For punitive and exemplary damages;

13   4.    For attorneys' fees incurred to recover benefits under the policy;

14   5.    For a declaration of rights and obligations of the parties under the written

15         agreements in question;

16   6.    For injunctive relief under Business & Professions Code section 17200;

17   7.    For attorneys' fees under Code of Civil Procedure section 1021.5;

18   8.    For costs of suit incurred herein; and

19   9.    For such other and further relief as the Court deems just and proper.

20

21   DATED: February 22, 2007              SHERNOFF BIDART & DARRAS LLP

22

23

24

25                                        WILLIAM M. SHERNOFF
                                          EVANGELINE FISHER GROSSMAN
26                                        JOEL A. COHEN
                                          Attorneys for Plaintiffs
27

28

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711  TEL 909 621 4935

- 12 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1

2                                   **DEMAND FOR JURY TRIAL**

3              Plaintiffs hereby demand a jury trial on all causes of action that are triable to a jury.

4

5       DATED:  February 22, 2007                    SHERNOFF BIDART & DARRAS LLP

6

7

8                                                    WILLIAM M. SHERNOFF
                                                     EVANGELINE FISHER GROSSMAN
9                                                    JOEL A. COHEN
                                                     Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                    - 13 -
                     COMPLAINT AND DEMAND FOR JURY TRIAL

031397 · 50 May
© Pd 2

1  JOHN L. VIOLA , CA BAR NO. 131407
   THELEN REID BROWN RAYSMAN & STEINER LLP
2  333 South Hope Street, Suite 2900
   Los Angeles, CA 90071
3  Tel. 213.576.8000
   Fax 213.576.8080
4
   Attorneys for Defendants
5  NATIONWIDE LIFE INSURANCE COMPANY

**FILED**

APR 1 2 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: A. Garcia. Deputy

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF MARIN

10

11  DONALD SAXBY, an individual, and       Case No.: CV070858
    BARBARA SAXBY, an individual,
12
                 Plaintiffs,
13                                          **DEFENDANT NATIONWIDE LIFE
        vs.                                 INSURANCE COMPANY'S ANSWER**
14                                          **TO COMPLAINT**
    NATIONWIDE LIFE INSURANCE
15  COMPANY, dba NATIONWIDE                 **Action Filed: February 27, 2007**
    HEALTH PLANS, LINDA DEBOLT, an         **Trial Date: Not set**
16  individual, and DOES 1 through 50,
    inclusive,
17
                 Defendants.
18

19      Defendant Nationwide Life Insurance Company ("Nationwide"), for itself alone,

20  and for no other defendant, hereby answers plaintiffs' Complaint on file in this matter as

21  follows:

22      1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

23  Nationwide denies generally and specifically each and every allegation contained in each

24  and every paragraph of plaintiffs' Complaint. Nationwide specifically denies that

25  plaintiffs have been damaged in any amount whatsoever or at all and further specifically

26  denies that plaintiffs, or either of them, are entitled to recover any damages in any amount

27  or at all.

28

12|07

LA #460532 v1                          -1-                    **Page 22    Page 24**

DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT

1    Further answering the Complaint, Nationwide asserts the following affirmative

2  defenses:

3

4  ### FIRST AFFIRMATIVE DEFENSE

5  **(To All Causes Of Action Alleged Against Nationwide)**

6    2.    Plaintiffs' Complaint fails to state facts sufficient to state a cause of action

7  against Nationwide.

8

9  ### SECOND AFFIRMATIVE DEFENSE

10  **(To All Causes Of Action Alleged Against Nationwide)**

11    3.    California Civil Code Section 3294, under which plaintiffs' claims for

12  punitive damages are made against Nationwide, if applicable in this action, is invalid on its

13  face or is applied to Nationwide, pursuant to Article I, Section 10, Article IV, Section 2

14  and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the

15  United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16 of the

16  California Constitution.

17

18  ### THIRD AFFIRMATIVE DEFENSE

19  **(To All Causes Of Action Alleged Against Nationwide)**

20    4.    To the extent that any of plaintiffs' claims are based upon the theory that

21  there exists an implied covenant of good faith and fair dealing in an insurance contract, this

22  doctrine, as applied by California courts, is unconstitutional pursuant to the First, Fifth,

23  Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and

24  Article I, Sections 2, 7, 9, 15 and 17, and Article IV, Section 16 of the California

25  Constitution.

26

27

28

DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (To All Causes Of Action Alleged Against Nationwide)

5.    On or about January 19, 2006, plaintiffs Don and Barbara Saxby completed and executed a written application to Nationwide for health insurance online. On the application, in response to question 1(b), plaintiffs stated and represented in writing that they had not, within the past 10 years, been treated for or diagnosed with alcoholism or been advised to reduce alcohol or drug use. On the application, and in response to question 1(c), plaintiffs stated and represented in writing that they had not, within the past 10 years, used marijuana, cocaine, heroine, methamphetamines, LSD or any other non-prescription drugs. On the application, and in response to question 2(h), plaintiffs stated and represented in writing that they had not, within the past 10 years, sought or been advised to have treatment for, had follow-up visits for, or been diagnosed with asthma, hay fever, allergies (including desensitization), COPD (chronic obstructive pulmonary disease), cystic fibrosis, emphysema, sarcoidosis, shortness of breath, tuberculosis, pneumonia, sleep apnea, or any disease, disorder or injury of the lungs or respiratory system, except that Don Saxby stated that he was treated for allergies with Claritin on random start and ending dates and that the condition still did not exist. On the application, and in response to question 2(i), plaintiffs stated and represented in writing that they had not, within the past 10 years, sought or been advised to have treatment for, had follow-up visits for, or been diagnosed with osteoarthritis, rheumatoid arthritis, back or neck pain, disease or disorder of the spine or spinal surgery, gout, osteoporosis, connective tissue disease, fibromyalgia, lupus, scleroderma, psoriasis or other disease, disorder or injury of the bones, joints or muscles. On the application in response to question 2(l), plaintiffs stated and represented in writing that they had not, within the past 10 years, sought or been advised to have treatment for, had follow-up visits for, or been diagnosed with depression, panic attacks, anxiety, bi-polar disorder, obsessive-compulsive disorder, schizophrenia, attention deficit disorder, attention deficit hyperactivity disorder or eating disorder. On the application in response to question 2(n), plaintiffs stated and represented in writing that

1  they had not, within the past 10 years, sought or been advised to have treatment for, had

2  follow-up visits for or been diagnosed with chronic fatigue syndrome, Lyme disease,

3  Marfan syndrome, anemia, weight loss, loss of appetite, lymph node enlargement or any

4  other disease or disorder of the blood.  On the application, and in response to question 3(a),

5  plaintiffs stated and represented in writing, that they had not, within the past 10 years, been

6  advised to have consultations or referrals to another physician, diagnostic tests, treatment,

7  surgery or hospitalization (whether completed or not).  On the application, and in response

8  to question 5, plaintiffs stated and represented in writing that they had not, within the past

9  2 years, been prescribed or recommended medication, herbal or nutritional supplements.

10  On the application and in response to question 8, plaintiffs stated and represented in

11  writing that they had not, within the past 5 years, had an exam, consultation, checkup, been

12  hospitalized or been treated by a doctor, acupuncturist, chiropractor, physical therapist,

13  psychiatrist, psychologist, nurse practitioner, physician's assistant or licensed mental

14  health counselor for any reason.  In reliance upon the application and upon the truth of the

15  statements and representations contained in the application, Nationwide accepted the

16  application and issued Certificate No. 709634, under Plan AL, Policy GH-1000, to

17  plaintiffs.

18      6.      Each of the representations and statements in the application were made by

19  plaintiffs for the purpose of inducing Nationwide to rely thereon, and upon such reliance,

20  to extend coverage to plaintiff under the Certificate and Policy.  Nationwide did, in fact,

21  rely upon such representations in issuing coverage under the Certificate and the Policy to

22  plaintiffs.  Each of plaintiff's representations and statements were material to the risk

23  undertaken by Nationwide in issuing coverage to plaintiffs under the Certificate and the

24  Policy because Nationwide would not have issued coverage under the Certificate and the

25  Policy if it had known that the representations and statements, or any of them, were false,

26  untrue, or incomplete.

27      7.      Nationwide alleges, upon information and belief, that each of the

28  representations and statements contained in the application and as set forth in paragraph 5

DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT

1  above, were false and incomplete and were known by plaintiff to be false and incomplete

2  at the time such representations and statements were made because of the following facts,

3  among other things: contrary to their response to question 1(b), plaintiffs had, within the

4  past 10 years, been treated or diagnosed with alcoholism or had been advised to reduce

5  drug or alcohol use; contrary to their response to question 1(c), plaintiffs had, within the

6  past 10 years, used marijuana, cocaine, heroine, methamphetamines, LSD or any other

7  non-prescription drugs; contrary to their response to question 2(h), plaintiffs had, within

8  the past 10 years, sought or had been advised to have treatment for, had follow-up visits

9  for, or been diagnosed with asthma, hay fever, allergies (including desensitization) COPD

10  (chronic obstructive pulmonary disease), cystic fibrosis, emphysema, sarcoidosis,

11  shortness of breath, tuberculosis, pneumonia, sleep apnea, or any disease, disorder or

12  injury of the lungs or respiratory systems, except that Don Saxby stated that he was treated

13  for allergies with Claritin on random start and ending dates and that the condition still did

14  not exist; contrary to their response to question 2(i), plaintiffs had, over the past 10 years,

15  sought or been advised to have treatment for, had follow-up visits for, or been diagnosed

16  with osteoarthritis, rheumatoid arthritis, neck or back pain, disease or disorder of the spine

17  or spinal surgery, gout, osteoporosis, connective tissue disease, fibromyalgia, lupus,

18  scleroderma, psoriasis, or other disease, disorder or injury of the bones, joints or muscles;

19  contrary to their response to question 2(l), plaintiffs had, within the past 10 years, sought

20  or been advised to have treatment for, had follow-up visits for, or been diagnosed with

21  depression, panic attacks, anxiety, bi-polar disorder, obsessive-compulsive disorder,

22  schizophrenia, attention deficit disorder, attention deficit hyperactivity disorder or eating

23  disorder; contrary to the response to question 2(n), plaintiffs had, or within the past 10

24  years, sought or been advised to have treatment for, had follow-up visits for, or been

25  diagnosed with chronic fatigue syndrome, Lyme disease, Marfan's syndrome, anemia,

26  weight loss, loss of appetite, lymph node enlargement or any other disease or disorder of

27  the blood; contrary to their response to question 3(a), plaintiffs had, within the past 10

28  years, been advised to have consultations or referrals to another physician, diagnostic tests,

1   treatment, surgery or hospitalization (whether completed or not); contrary to their response
2   to question 5, plaintiffs had, within the past two years, been prescribed or recommended
3   medication, herbal or nutritional supplements; and, contrary to their response to question 8,
4   plaintiffs had, within the past five years, had an exam, consultation, check-up, been
5   hospitalized or been treated by a doctor, acupuncturist, chiropractor, physical therapist,
6   psychiatrist, psychologist, nurse practitioner, physician's assistant or licensed medical
7   health counselor for any reason.

8        8.    Nationwide had no knowledge of the falsity, untruth, and incompleteness of
9   such representations and statements until discovered during the course of an investigation
10  of a claim(s) made by plaintiffs for benefits under the Certificate and the Policy.  Promptly
11  thereafter, Nationwide denied benefits under the Certificate Policy and rescinded coverage
12  under the Certificate and the Policy.

13
14                          **FIFTH AFFIRMATIVE DEFENSE**
15                   **(To All Causes Of Action Alleged Against Nationwide)**

16       9.    Nationwide repeats and realleges paragraphs 1 through 8 of this Answer and
17  incorporates the same herein by reference as though fully set forth.

18       10.   Nationwide is informed and believes, and upon such information and belief
19  alleges, that in making the representations and statements in the application, plaintiffs
20  knew that their representations were false and that they intended by their actions to induce
21  Nationwide to issue coverage under the Certificate and the Policy.

22       11.   In actual and justifiable reliance upon the false and fraudulent
23  representations and statements made by plaintiffs in the application, Nationwide issued and
24  delivered coverage to plaintiffs under the Certificate and the Policy.

25       12.   As a proximate result of plaintiffs' fraud, Nationwide was entitled to rescind
26  coverage under the Certificate and the Policy.  As a result of plaintiffs' fraud, Nationwide
27  is not liable to plaintiffs for any of the benefits or other sums sought in the Complaint.

28

## SIXTH AFFIRMATIVE DEFENSE

### (To All Causes Of Action Alleged Against Nationwide)

13.    Nationwide repeats and reallege paragraphs 1 through 12 of this Answer and incorporates the same herein by reference as though fully set forth.

14.    Nationwide alleges, upon information and belief, that plaintiffs, in executing the application and in making the statements and representations hereinabove set forth, concealed and neglected to communicate to Nationwide the following facts which were within her knowledge and which were material to the risks to be insured against and to the issuance of the Certificate, all of which facts they were required to have communicated to Nationwide:  (1) plaintiffs had, within the past 10 years, been treated or diagnosed with alcoholism or had been advised to reduce drug or alcohol use; (2) plaintiffs had, within the past 10 years, used marijuana, cocaine, heroine, methamphetamines, LSD or any other non-prescription drugs; (3) plaintiffs had, within the past 10 years, sought or had been advised to have treatment for, had follow-up visits for, or been diagnosed with asthma, hay fever, allergies (including desensitization) COPD (chronic obstructive pulmonary disease), cystic fibrosis, emphysema, sarcoidosis, shortness of breath, tuberculosis, pneumonia, sleep apnea, or any disease, disorder or injury of the lungs or respiratory systems, except Don Saxby's treatment for allergies with Claritin on random start and ending dates; (4) plaintiffs had, within the past 10 years, sought or been advised to have treatment for, had follow-up visits for, or been diagnosed with osteoarthritis, rheumatoid arthritis, neck or back pain, disease or disorder of the spine or spinal surgery, gout, osteoporosis, connective tissue disease, fibromyalgia, lupus, scleroderma, psoriasis, or other disease, disorder or injury of the bones, joints or muscles; (5) plaintiffs had, within the past 10 years, sought or been advised to have treatment for, had follow-up visits for, or been diagnosed with depression, panic attacks, anxiety, bi-polar disorder, obsessive-compulsive disorder; schizophrenia, attention deficit disorder, attention deficit hyperactivity disorder or eating disorder; (6) plaintiffs had, or within the past 10 years, sought or had been advised to have treatment for, had follow-up visits for, or been diagnosed with chronic fatigue syndrome,

1    Lyme disease, Marfan's syndrome, anemia, weight loss, loss of appetite, lymph node

2    enlargement or any other disease or disorder of the blood; (7) plaintiffs had, within the past

3    10 years, been advised to have consultations or referrals to another physician, diagnostic

4    tests, treatment, surgery or hospitalization (whether completed or not); (8) plaintiffs had,

5    within the past two years, been prescribed or recommended medication, herbal or

6    nutritional supplements; (9) plaintiffs had, within the past five years, had an exam,

7    consultation, check-up, been hospitalized or been treated by a doctor, acupuncturist,

8    chiropractor, physical therapist, psychiatrist, psychologist, nurse practitioner, physician's

9    assistant or licensed medical health counselor for any reason.

10        15.    Nationwide further alleges, upon information and belief, that plaintiffs

11    concealed and neglected to communicate such material facts despite inquiry thereto by

12    Nationwide.  In the absence of any waiver of any right of Nationwide to such information,

13    Nationwide had no means of ascertaining and could not be presumed to know such

14    material facts at the time it issued coverage under the Certificate and the Policy.  On the

15    contrary, such facts were solely within the knowledge of plaintiffs.  Each of such facts

16    were material to the risk undertaken by Nationwide because Nationwide would not have

17    issued coverage under the Certificate and the Policy had it known such facts.

18        16.    Nationwide had no knowledge of the concealment of and neglect to

19    communicate such material facts by plaintiffs until discovered in the course of an

20    investigation of a claim(s) made for benefits under the Certificate and the Policy.

21    Promptly thereafter, Nationwide denied benefits under the Certificate and the Policy and

22    rescinded the Certificate and the Policy.

23        17.    Nationwide is not liable to plaintiffs, or either of them, for any of the benefits

24    or other sums sought in the Complaint because of the foregoing concealment of material

25    facts.

26

27

28

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (To All Causes Of Action Alleged Against Nationwide)

3      18.      Plaintiffs have failed to mitigate their alleged damages, if any.

4

5

## EIGHTH AFFIRMATIVE DEFENSE

6

### (To All Causes Of Action Alleged Against Nationwide)

7      19.      The damages suffered by plaintiffs, if any, were directly and proximately

8  caused by the acts, omissions, carelessness, or negligence of plaintiffs or their agents.

9  Plaintiffs' recovery, if any, should be diminished to the extent that said alleged damages

10  are attributable to said acts, omissions, carelessness, or negligence.

11

12

## NINTH AFFIRMATIVE DEFENSE

13

### (To All Causes Of Action Alleged Against Nationwide)

14      20.      The damages suffered by plaintiffs, if any, were directly and proximately

15  caused by the acts, omissions, carelessness, or negligence of persons other than

16  Nationwide. Plaintiffs' recovery, if any, should be diminished to the extent that said

17  alleged damages were attributable to said acts, omissions, carelessness, or negligence.

18

19

## TENTH AFFIRMATIVE DEFENSE

20

### (To All Causes Of Action Alleged Against Nationwide)

21      21.      Plaintiffs are estopped from asserting any entitlement to Certificate and

22  Policy benefits or to compensatory or punitive damages.

23

24

## ELEVENTH AFFIRMATIVE DEFENSE

25

### (To All Causes Of Action Alleged Against Nationwide)

26      22.      Plaintiffs have waived any claim to entitlement to coverage under the

27  Certificate and the Policy or to compensatory or punitive damages.

28

1     ### TWELFTH AFFIRMATIVE DEFENSE

2     **(To All Causes Of Action Alleged Against Nationwide)**

3         23.    Some or all of plaintiffs' claims are barred by the applicable statutes of

4     limitations, including, but not limited to, California Code of Civil Procedure sections 337,

5     338, 339 and 340, California Business & Professions Code section 17208 and California

6     Civil Code section 1783.

7

8     ### THIRTEENTH AFFIRMATIVE DEFENSE

9     **(To All Causes Of Action Alleged Against Nationwide)**

10        24.    The Complaint and each alleged cause of action contained therein is barred

11    by laches because of plaintiffs' conduct and actions.

12

13    ### FOURTEENTH AFFIRMATIVE DEFENSE

14    **(To All Causes Of Action Alleged Against Nationwide)**

15        25.    The Complaint and each alleged cause of action contained therein is barred

16    by reason of plaintiffs' unclean hands.

17

18    ### FIFTEENTH AFFIRMATIVE DEFENSE

19    **(To All Causes Of Action Alleged Against Nationwide)**

20        26.    Although Nationwide does not admit to engaging in any conduct alleged by

21    plaintiffs, to the extent any conduct by Nationwide could be construed as relating to

22    matters alleged in the Complaint, that conduct was not and is not unlawful.

23

24    ### SIXTEENTH AFFIRMATIVE DEFENSE

25    **(To All Causes Of Action Alleged Against Nationwide)**

26        27.    Although Nationwide does not admit to engaging in any conduct alleged by

27    plaintiffs, to the extent any conduct by Nationwide could be construed as relating to

28    matters alleged in the Complaint, that conduct was not and is not unfair within the meaning

DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT

1  of California Business & Professions Code Sections 17200 *et seq.*, and is justified by

2  legitimate business and competitive reasons.

3

4  ### SEVENTEENTH AFFIRMATIVE DEFENSE

5  **(To All Causes Of Action Alleged Against Nationwide)**

6      28.    Even if plaintiffs could establish the elements of a violation of the unfair

7  competition law, in light of all the relevant considerations, the Court can and should

8  exercise its discretion and decline to award injunctive or other equitable relief.

9

10      WHEREFORE, Nationwide prays for judgment as follows:

11

12      1.    That plaintiffs take nothing by reason of their Complaint;

13      2.    For costs of suit, including attorneys' fees; and,

14      3.    For such other and further relief as the Court deems just and proper.

15

16  Dated: April 11, 2007

17                        THELEN REID BROWN RAYSMAN &
18                        STEINER LLP

19                        By _____
20                           John L. Viola
21                           Attorneys for Defendant
                             Nationwide Life Insurance Company

22

23

24

25

26

27

28

DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT

1 | *Saxby, et al. v. Nationwide Life Ins. Co., et al.*

2 | **PROOF OF SERVICE BY MAIL**

3 | CASE NO. CV070858

4 | I am over the age of 18 and not a party to the within action. I am employed in the County

5 | of Los Angeles, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business

6 | address is 333 South Hope Street, Suite 2900, Los Angeles, California 90071.

7 | On April 11, 2007, I served the following entitled document:

8 |
9 | **DEFENDANT NATIONWIDE LIFE INSURANCE**
     **COMPANY'S ANSWER TO COMPLAINT**

10 | by placing a true and correct copy thereof in a sealed envelope addressed as follows:

11 | William M. Shernoff, Esq.
     **SHERNOFF BIDART & DARRAS**
12 | 600 S. Indian Hill Boulevard
     Claremont, California 91171
13 | Telephone: 909.621.4935
     Facsimile: 909.625.6915

14 |

15 | I am readily familiar with the firm's business practice for collection and processing of

16 | correspondence for mailing with the United States Postal Service. On this day, I placed for

17 | collection and processing the above document to be deposited with the United States Postal

18 | Service in the ordinary course of business. And in the ordinary course of the firm's business, such

19 | correspondence is deposited with the United States Postal Service the same day that it is collected.

20 | I declare under penalty of perjury under the laws of the State of California that the

21 | foregoing is true and correct.

22 | Executed on April 11, 2007, at Los Angeles, California.

23 |
24 | Tonya M. Langley

25 |

26 |

27 |

28 |

LA #465312 v1

-1-

**Page 33**      **Page 35**

PROOF OF SERVICE BY MAIL

MARIN COUNTY SUPERIOR COURT
Civic Center, Room 113
P. O. Box 4988
San Rafael, CA 94913-4988

6-13-07

| PLAINTIFF: Dennis Saxby | CASE NO. CV- 070858 |
| vs. | |
| DEFENDANT: Nationwide Life Insurance co | CIVIL / MINUTES / OSC / SERVICE |

| CSCRT | JUDGE Lynn Duryee | REPORTER _____ | CLERK JCA |
| APATT | ATTORNEY Joe Cohen | appeared for TT | Court Call |
| APPPP | Plaintiff/Petitioner _____ | Is present in pro per. |
| APNAP | No appearance by or for the parties. |
| APNAB | No appearance by or for the _____ |
| CSMDT | THE COURT MODIFIES MANDATORY APPEARANCE DATES ON CASE MANAGEMENT SCHEDULE AS FOLLOWS: PREVIOUS DATES VACATED. |

Filing of Proof of Service ___7/19/07___ 9:00 a.m. →As to Linda
Filing of Answer or Default _____ 9:00 a.m.   Deloit
Status Conference _____ 9:00 a.m.

APOSC   ORDER TO SHOW CAUSE ISSUED FOR:
(Name): _____
For Failing to Appear on _____ or file ☐ Proof of Service ☐ Request to Enter Default
As to _____

YOU ARE HEREBY ORDERED TO APPEAR IN COURT AS SET FORTH BELOW TO SHOW CAUSE WHY YOU FAILED TO COMPLY WITH THE STANDARD FILING REQUIREMENTS OF THE CASE MANAGEMENT SCHEDULE IN THE ABOVE REFERENCED CASE:
Date: _____ 9:00 a.m. Courtroom: _____ before Judge: _____

☐ FNASO   IT IS FURTHER ORDERED THAT THE FOLLOWING SANCTIONS SHALL BE IMPOSED IN THE AMOUNT OF: $ _____ DUE ON ___/___/___
☐ CSTXT   _____
☐ NTINT   Plaintiff/petitioner/counsel of record has 15 days to file ☐ proof of service
☐ Request to enter default, as to defendant(s) _____. Failure to file or appear in court will result in the dismissal of the individual defendant(s) or the entire case.
☐ CSDLP   Case dismissed, lack of prosecution
☐ CSDOT   Case disposed before trial; Dismissed, other reasons _____
☐ CSDSP   Case disposed in its entirety

Lynn Duryee
JUDGE OF THE SUPERIOR COURT

## DECLARATION OF PERSONAL SERVICE/SERVICE BY MAIL
(Code of Civil Procedure Sections 1013a and 2015.5)
I, the undersigned, under penalty of perjury, declare that I am over 18 years of age, a citizen of the United States, an employee of the County of Marin and not a party to the action. I served this Civil Minutes Order by ☐ Personal Service, or ☒ Service by Mail (by placing true copies thereof, enclosed in a separate envelope, with postage fully prepaid by the filing party, in the United States Post Office mail box, at San Rafael, Marin County, California) on the date written herein, addressed to the parties/counsel as indicated on the complaint.

William Shernoff
600 So. Indian Hill Blvd
Claremont CA 91711-5498

FILED

Executed at San Rafael, California

6/14/07

KIM TURNER
Acting Court Executive Officer
Court Executive Officer
By _____
Deputy

JUN 13 2007
KIM TURNER
MARIN COUNTY SUPERIOR COURT
By: J. Minkiewicz, Deputy

CV011 (Rev. 4/06)

rly #310-115 / CR004)

**DYKEMA GOSSETT LLP**
JOHN L. VIOLA, SBN: 131407
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
NATIONWIDE LIFE INSURANCE COMPANY

**FILED**

JAN 3 1 2008

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Naue, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF MARIN

| | |
|---|---|
| DONALD SAXBY, an individual, and BARBARA SAXBY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE LIFE INSURANCE COMPANY, dba NATIONWIDE HEALTH PLANS, LINDA DEBOLT, an individual, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV070858<br><br>[Assigned for All Purposes to Hon. Lynn Duryee, Dept. L]<br><br>[PROPOSED] ORDER DENYING PLAINTIFFS' MOTIONS TO QUASH<br><br>Date:      January 25, 2008<br>Time:      9:00 a.m.<br>Dept.:     L<br><br>Complaint Filed: February 27, 2007<br>Trial Date:      March 19, 2008 |

Plaintiffs' Motions to Quash the Subpoenas served by defendant Nationwide Life Insurance Company on Dr. Claudia Perez, Dr. Joan Steidinger, and Blue Shield, San Francisco, came on regularly for hearing before this Court on January 25, 2008. On January 24, 2008, the Court issued its tentative ruling as follows:

> "Plaintiff's Motion to Quash is denied. While the defense against the bad faith cause of action may be limited to the records on which defendant relied to rescind the policy, plaintiff sued for a variety of other claims including declaratory relief and breach of contract. The requested records are relevant for these claims as well as other controverted issues such as creditability and impeachment."

///
///

[PROPOSED] ORDER DENYING PLAINTIFFS' MOTIONS TO QUASH

**Page 35**

1    Counsel for the parties not having informed the Court that they wish to present oral

2  argument on the Motions, the Court's tentative ruling becomes the Order of the Court,

3  pursuant to Local Rule 1.6(B).

4    IT IS THEREFORE ORDERED that:

5    1.    Plaintiffs' Motion to Quash the Subpoena served by Nationwide Life

6  Insurance Company on Dr. Claudia Perez is DENIED;

7    2.    Plaintiffs' Motion to Quash the Subpoena served by defendant Nationwide

8  Life Insurance Company on Dr. Joan Steidinger is DENIED; and,

9    3.    Plaintiffs' Motion to Quash the Subpoena served upon Blue Shield, San

10  Francisco, is DENIED.

11  Dated:    **JAN 3 1 2008**

By:    **LYNN DURYEE**
Honorable Lynn Duryee
Judge of the Superior Court

12

13

14  Approved as to Form:

15

16  By: _Joel Cohen_
Joel Cohen
Attorneys for Plaintiffs
Donald Saxby and Barbara Saxby

17

18  Dated: 1/28/08

19

20  PAS01\65995.1
ID\JLV

21

22

23

24

25

26

27

28

*(left margin, rotated)* DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

2

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTIONS TO QUASH**

*Saxby vs. Nationwide*

CASE NO. CV070858

## PROOF OF SERVICE

I am over the age of 18 and not a party to the within action. I am employed in the County of Los Angeles, State of California by Dykema Gossett LLP. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071-3048.

On January 29, 2008, I served a true and correct copy of the following entitled document:

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO QUASH**

as follows:

| | |
|---|---|
| William M. Shernoff, Esq. | James C. Krieg |
| Evangeline Fisher-Grossman, Esq. | KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP |
| Joel Cohen, Esq. | 114 Sansome Street, 4th Floor |
| **SHERNOFF BIDART & DARRAS** | San Francisco, CA 94104 |
| 600 S. Indian Hill Boulevard | Telephone: 415.249.8330 |
| Claremont, California 91171 | Facsimile: 415.249.8333 |
| Telephone: 909.621.4935 | *Attorneys for Defendant Linda DeBolt* |
| Facsimile: 909.625.6915 | |
| *Attorneys for Plaintiff* | |

[ X ] **BY MAIL** I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

[ ] **BY FACSIMILE** I caused the attached documents to be transmitted to the interested party in this action by faxing a true copy from facsimile telephone number (213) 457-1850. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 29, 2008, at Los Angeles, California.

Tonya M. Langley

SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1

PROOF OF SERVICE

# EXHIBIT 2

1  James C. Krieg [SBN 77069] (jkrieg@kksrr.com)                    REC'D FEB 26 2008

2  Allison Lane Cooper [SBN 152384] (acooper@kksrr.com)

   KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

3  114 Sansome Street, 4th Floor

4  San Francisco, CA  94104

   Telephone: (415) 249-8330

5  Facsimile: (415) 249-8333

6  Attorneys for Defendant

7  LINDA DEBOLT

8

9

10                    SUPERIOR COURT OF CALIFORNIA

11                          COUNTY OF MARIN

12

   DONALD SAXBY, an individual, and        Case No.: CV070858
13 BARBARA SAXBY, an individual,

14                Plaintiffs,              **DEFENDANT LINDA DEBOLT'S**
                                           **SETTLEMENT CONFERENCE**
15         v.                              **STATEMENT AND NOTICE OF**
                                           **SETTLEMENT**
16
   NATIONWIDE LIFE INSURANCE
17 COMPANY, dba NATIONWIDE LIFE             Date:  March 10, 2008
   PLANS, LINDA DEBOLT, and DOES 1         Time:  10:00 a.m.
18 through 50, inclusive,                   Dept.:  "L"

19                Defendants.

20

21

22         Defendant Linda DeBolt has reached a settlement of all of plaintiffs' against her.

23 DeBolt anticipates filing a request for dismissal, with prejudice, of such claims before the

24 Mandatory Settlement Conference. There are no other pending claims against DeBolt. In

25 / / /

26 / / /

27

28

   ─────────────────────────────────────────────────
   DEFENDANT LINDA DEBOLT'S SETTLEMENT CONFERENCE STATEMENT AND
                      NOTICE OF SETTLEMENT
                       Case No. CV070858
                              1

1  view of the pending settlement, which resolves all claims against her, DeBolt does not expect

2  that she will be participating in the Mandatory Settlement Conference scheduled for March

3  10, 2008.

4  Dated: February 22, 2008                KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

5

6

7                                          By: _____

8                                          Allison Lane Cooper
                                           Attorneys for Defendant
9                                          LINDA DEBOLT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LINDA DEBOLT'S SETTLEMENT CONFERENCE STATEMENT AND
NOTICE OF SETTLEMENT
Case No. CV070858
2

*Saxby, et al. v. Nationwide Life Insurance, et al.*
Marin County Superior Court Case No. CV070858

1

**PROOF OF SERVICE**

2.

    I, the undersigned, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

3

4

    I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years and not a party to or interested in the within-entitled action. I am an employee of KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP, and my business address is 114 Sansome Street, 4th Floor, San Francisco, California 94104.

5

6

    On February 22, 2008, I served following document(s):

7

8

**DEFENDANT LINDA DeBOLT'S SETTLEMENT CONFERENCE STATEMENT AND NOTICE OF SETTLEMENT**

9

served by the following means, on the person(s) listed below:

10

11

Evangeline F. Grossman
Shernoff Bidart & Darras, LLP
600 South Indian Hill Boulevard
Claremont, CA 91711
Telephone 909-621-4935
Facsimile 909-625-6915
***Counsel for Plaintiffs***

12

13

14

15

John L. Viola
Dykema Gossett, LLP
333 S. Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone 213-457-1800
Facsimile 213-457-1850
jviola@dykema.com
***Counsel for Defendant Nationwide Life Insurance Company***

16

17

    The document(s) were served by the following means:

18

19

_____ **By PERSONAL SERVICE.** I personally delivered the documents to the persons at the addresses listed above.. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of 8:00 a.m. and 6:00 p.m.

20

21

22

23

_X_ **By UNITED STATES MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above; and (1) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid; or (2) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

24

25

26

27

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

28

---

PROOF OF SERVICE
Case No. CV 070858

**Page 40**

**Page 42**

PROOF OF SERVICE

1

2      __  **By OVERNIGHT DELIVERY.** I enclosed the documents in an envelope or package provided
       by an overnight delivery carrier and addressed to the persons at the addresses listed above. I
3      placed the envelope or package for collection and overnight delivery at an office or a regularly
       utilized drop box of the overnight delivery carrier.
4

5      __  **By MESSENGER SERVICE.** I served the documents by placing them in an envelope or
       package addressed to the person at the address listed above and providing them to a professional
6      messenger service for service. *(A declaration by the messenger must accompany this Proof of
       Service or be contained in the Declaration of Messenger below).*
7

8      __  **By FAX TRANSMISSION.** Based on an agreement of the parties to accept service by fax
       transmission, I faxed the documents to the persons at the fax numbers listed above. No errors
9      were reported by the fax machine that I used.

10     __  **By E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement
       of the party to accept service by e-mail or electronic transmission, I caused the documents to be
11     sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable
       time after the transmission, any electronic messages or other indication that the transmissions
12     were unsuccessful.

13         I declare under the penalty under the laws of the State of California that the foregoing is true and
14     correct.

15

16     Dated: February 22, 2008                              _____
                                                            Joy Morla
17

18

19

20

21

22

23

24

25

26

27

28